[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16846
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00171-LJA


CURTIS DAVIS,
WANDA DAVIS,
CHRISTIE YOUNG,

                                                        Plaintiffs - Appellants,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE,
SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE,

                                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 2, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Curtis Davis, Wanda Davis, and Christie Young each applied for farm program payments from the United States Department of Agriculture (USDA). The Farm Service Agency of the USDA found all three applicants eligible for the payments, but it later determined that they each made misrepresentations in their applications that disqualified them from receiving the payments. *See* 7 C.F.R. § 1400.5 ("All or any part of a [farm program] payment otherwise due a person . . . on all farms in which the person . . . has an interest may be withheld or be required to be refunded if the person . . . [c]onceal[s] information . . . [or] [s]ubmit[s] false or erroneous information . . . ."). Mr. Davis, Ms. Davis, and Ms. Young appealed to the USDA National Appeals Division. The Appeals Division did not disturb the Farm Service Agency's findings. Mr. Davis, Ms. Davis, and Ms. Young then sought review in district court, which upheld the USDA's final determinations. They now ask our court to review the determinations. After careful consideration of the record and the parties' briefs, we affirm.

The Administrative Procedure Act governs our review of the USDA's final determinations. Under the Act, we can set aside an agency decision only if the decision "is found to be arbitrary, capricious, an abuse of discretion, unconstitutional, in excess of statutory authority, without observance of procedure as required by law, or unsupported by substantial evidence." *See Mahon v. U.S. Dep't of Agric.*, 485 F.3d 1247, 1253 (11th Cir. 2007) (citing 5 U.S.C. § 706(2)).

"[T]his standard is exceedingly deferential." *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996). "[W]e cannot substitute our judgment for that of the agency." *Mahon*, 485 F.3d at 1253. If the "agency's decision was based on consideration of the relevant factors" and "there has been [no] clear error of judgment," we must defer to the decision. *See id.* (internal quotation marks omitted).

Applying this deferential standard of review, we agree with the district court that the USDA's final determinations must be upheld. The USDA committed no legal error and its factual findings are supported by substantial evidence. *See DeKalb Cty. v. U.S. Dep't of Labor*, 812 F.3d 1015, 1020 (11th Cir. 2016) ("[An agency's] factual findings are reversed only if unsupported by substantial evidence on the record as a whole." (internal quotation marks omitted)). The record, for example, includes evidence that "a reasonable mind might accept as adequate to support a conclusion" that Mr. Davis, Ms. Davis, and Ms. Young concealed information or submitted false or erroneous information to the USDA about their respective farming interests. *See id.* (internal quotation marks omitted); 7 C.F.R. § 1400.5. Specifically, bank documents and a USDA "Certification of Disaster Losses" form filled out by Mr. Davis indicated that he shared with Ms. Davis an interest in crops produced on certain farming tracts and shared an interest with Ms. Young in crops produced on other tracts. Yet Mr. Davis did not disclose such

3

shared interests in his farm-program application, and Ms. Davis and Ms. Young each represented in their applications that they fully owned the crops associated with the tracts relevant to them.

**AFFIRMED.**